**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7631**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REGINALD WILLIAM LINDSEY, a/k/a Bilal,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:14-cr-00073-FDW-3)

Submitted:  June 16, 2022                         Decided:  July 25, 2022

Before NIEMEYER, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Reginald William Lindsey, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald William Lindsey appeals the district court's order denying his motions for compassionate release upon reconsideration, pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239.  We affirm.

We review a district court's ruling on a motion for compassionate release for abuse of discretion.  *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021).  Upon a defendant's motion, a district court may reduce a term of imprisonment if the defendant has exhausted his administrative remedies and "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Even if a district court finds extraordinary and compelling reasons for compassionate release, it retains the discretion to deny the motion after balancing the applicable 18 U.S.C. § 3553(a) factors.  *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

"A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law."  *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).  In addition, the district court's consideration of evidence is subject to harmless error review under Federal Rule of Criminal Procedure 52, such that "[i]n order to find a district court's error harmless, we need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially

2

swayed by the error." *United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997) (internal quotation marks omitted).

Our review of the record reveals that the district court abused its discretion by mistakenly concluding Lindsey did not suffer from any medical conditions. However, the error was harmless, as the district court considered the § 3553(a) factors and, in its discretion, determined that release was not warranted based on those factors. Accordingly, we affirm the district court's order. *United States v. Lindsey*, No. 3:14-cr-00073-FDW-3 (W.D.N.C. Nov. 4, 2021). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*